UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| DENISE SCORSONE,<br><br>    Petitioner,<br><br>    vs.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>    Respondent. | Case No. 1:14-cv-00352-REB<br><br>**AMENDED\* MEMORANDUM DECISION AND ORDER** |

Pending before this Court is Denise Scorsone's Petition for Review (Dkt. 1), seeking review of the Social Security Administration's ("SSA") final decision to deny her claim for Social Security Disability Benefits for lack of disability. The action is brought pursuant to 42 U.S.C. § 405(g). Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## I. ADMINISTRATIVE PROCEEDINGS

On April 16, 2012 Denise Scorsone ("Petitioner") protectively filed a Title II application for a period of disability and insurance benefits. Petitioner alleged disability beginning August 1, 2010, but later amended the onset date to September 1, 2010. AR 18. The claim was denied initially and on reconsideration. AR 18. Petitioner timely filed a Request for Hearing before an Administrative Law Judge ("ALJ"). On June 18, 2013, ALJ Mary Ann Lunderman held a video hearing at which time, Petitioner, with her non-attorney representative Steven Tow, appeared and testified. AR 32-34. Vocational expert, Alissa Smith, M.D., also appeared and testified. *Id.*

---

\* This Order has been amended at pages 16-17 to correct an error in the conclusion section.
**AMENDED MEMORANDUM DECISION AND ORDER - 1**

On July 26, 2013, the ALJ issued a Decision denying Petitioner's claim, finding that Petitioner was not disabled within the meaning of the Social Security Act. Petitioner timely requested review from the Appeals Council. On July 11, 2014, the Appeals Council denied Petitioner's Request for Review, making the ALJ's decision the final decision of the Commissioner of Social Security. AR 1–3. Having exhausted her administrative remedies, Petitioner timely filed the instant action. She requests that the ALJ's decision be reversed or remanded to the ALJ for further proceedings. Pet.'s Br, p. 27 (Dkt. 12).

## II. STANDARD OF REVIEW

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards. 42 U.S.C. § 405(g); *Matney ex. rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990). Findings as to any question of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g). In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *Hall v. Sec'y of Health, Educ. & Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979).

"Substantial evidence" is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The standard requires more than a scintilla but less than a preponderance (*see Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

**AMENDED MEMORANDUM DECISION AND ORDER - 2**

With respect to questions of fact, the role of the Court is to review the record as a whole to determine whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *See Richardson*, 402 U.S. at 401; *see also Matney*, 981 F.2d at 1019. The ALJ is responsible for determining credibility and resolving conflicts in medical testimony (*see Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984)), resolving ambiguities (*see Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984)), and drawing inferences logically flowing from the evidence (*see Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)). Where the evidence is susceptible to more than one rational interpretation in a disability proceeding, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

With respect to questions of law, the ALJ's decision must be based on proper legal standards and will be reversed for legal error. *Matney*, 981 F.2d at 1019. The ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law. *See id*. However, reviewing federal courts "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

### III. DISCUSSION

**A.** **Sequential Process**

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (*see* 20 C.F.R. §§

**AMENDED MEMORANDUM DECISION AND ORDER - 3**

404.1520, 416.920) – or continues to be disabled (*see* 20 C.F.R. §§ 404.1594, 416.994) – within the meaning of the Social Security Act.

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is defined as work activity that is both substantial and gainful. "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R. §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized. 20 C.F.R. §§ 404.1572(b), 416.972(b). If the claimant has engaged in SGA, disability benefits are denied, regardless of how severe his physical/mental impairments are and regardless of his age, education, and work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant is not engaged in SGA, the analysis proceeds to the second step. Here, the ALJ found that Petitioner has not engaged in substantial gainful activity since September 1, 2010, the alleged disability onset date. AR 20.

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" within the meaning of the Social Security Act if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is "not severe" when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921. If the claimant does not have a severe medically determinable impairment or combination of

impairments, disability benefits are denied. 20 C.F.R. §§ 404.1520(c), 416.920(c). Here, the ALJ found that Petitioner had the following severe impairments: cervical and lumbar spondylosis, cervical radiculopathy, lumbar degenerative disc disease, and sacroiliitis. AR 20–22.

The third step requires the ALJ to determine the medical severity of any impairments; that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are awarded. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the claimant's impairments neither meet nor equal one of the listed impairments, the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. *Id.* Here, the ALJ concluded that Petitioner's above-listed impairments, while severe, did not meet or medically equal, either singly or in combination, the criteria established for any of the qualifying impairments. AR 22.

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's residual functional capacity is sufficient for the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). An individual's residual functional capacity is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. 20 C.F.R. §§ 404.1545, 416.945. Likewise, an individual's past relevant work is work performed within the last 15 years or 15 years prior to the date that disability must be established; also, the work must have lasted long enough for the claimant to learn to do the job and be engaged in substantial gainful activity. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. Here, the ALJ determined:

**AMENDED MEMORANDUM DECISION AND ORDER - 5**

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) except she should avoid concentrated exposure to extreme cold, vibration, hazards, and protected heights. Additionally, her workstation should be situated close to a restroom.

AR 22. The ALJ then found Petitioner capable of performing her past relevant work as a jewelry sales person, as actually performed. AR 25–26.

The ALJ continued to step five. 20 C.F.R. § 404.1520(a)(4)(iv). In the fifth step, if it has been established that a claimant can no longer perform past relevant work because of his impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1520(f), 416.920(f); *see also Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993). If the claimant is able to do other work, he is not disabled; if the claimant is not able to do other work and meets the duration requirement, he is disabled. Here, the ALJ found—considering the vocational expert's testimony and Petitioner's age, education, work experience, and residual functional capacity—that Petitioner could perform jobs such as a price marker, folding machine operator, and routing clerk. AR 27–28. Accordingly, the Commissioner concluded that Petitioner was not disabled. AR 28.

**B.   Analysis**

Petitioner argues that (1) the ALJ improperly rejected the opinions of her treating physician, Dr. William Kidwell; (2) the ALJ's residual functional capacity finding of "light" is not supported by the record; (3) the ALJ did not properly consider evidence that her prior work

as a jewelry salesperson was an accommodated or subsidized position; and (4) the AJL erroneously rejected Petitioner's testimony. Pet.'s Br, p. 14 (Dkt. 12). The Court has considered each issue, but in a different order than Petitioner discussed them.

    1.    <u>Credibility</u>

Petitioner argues that the ALJ erroneously rejected her testimony in finding that she had the residual functional capacity to perform light work. Pet.'s Mem., p. 14 (Dkt. 12). The ALJ found Petitioner's "medically determinable impairments could reasonably be expected to cause the alleged symptoms" but concluded that "[her] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." AR 23. The ALJ went on later in the decision to explain the specific testimony[1] she discounted and the reasons why:

    a.    "In October 2010, after her alleged onset date, Dr. [Walter] Kidwell noted [Petitioner's] pain level was stable and controlled, she had a good level of function and was able to perform most of her activities of daily living with little discomfort." "Upon examination, she appeared comfortable." "Her symptoms waxed and waned over the course of her treatment with moderate discomfort at times and no discomfort observed in December 2010 and March 2011, and mild discomfort noted in December 2011." "Dr. Kidwell "also noted [Petitioner] was

---

[1] The Ninth Circuit requires this type of specific discussion of testimony. *See Brown-Hunter v. Colvin*, No. 13-15213, 2015 WL 4620123, at *1 (9th Cir. Aug. 4, 2015) (concluding it is legal error for an ALJ to fail "to identify which testimony she found not credible and why").

**AMENDED MEMORANDUM DECISION AND ORDER - 7**

    stable on her present medications." "Her gait was observed to be normal." In December 2010, Petitioner "reported she was leaving for Idaho and planned to live there part time." "This is not consistent with her testimony that she spends most of her time lying in bed to relieve her back pain." AR 23.

 b. Petitioner "testified she was not interested in surgery because there was a 50 percent change of paralysis", but "this high degree of risk was not mentioned in the medical record." AR 24.

 c. Dr. Kidwell referred Petitioner to physical therapy for "treatment of her sacroiliac joints, but the record did not indicate she attended." Dr. Kidwell also wanted to refer Petitioner "to an orthopedist for her shoulder, but she refused." The Petitioner's "lack of interest[] in following her doctor's recommendations suggests her condition might be less severe than she alleges." AR 24.

 As the trier of fact, the ALJ is in the best position to make credibility determinations and, for this reason, her determinations are entitled to great weight. *See Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir. 1990). In evaluating a claimant's credibility, the ALJ may consider a claimant's reputation, inconsistencies either in testimony or between testimony and conduct, daily activities, past work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms. *Light v. Social Sec. Admin.*, 119 F.3d 789, 791 (9th Cir. 1997). The ALJ may also consider treatment measures taken by claimant to alleviate those symptoms.

 Nonetheless, if intending to reject a claimant's testimony, the ALJ must make specific findings stating clear and convincing reasons for doing so. *See Holohan v. Massanari*, 246 F.3d

**AMENDED MEMORANDUM DECISION AND ORDER - 8**

1195, 1208 (9th Cir. 2001); *Brown-Hunter v. Colvin*, No. 13-15213, 2015 WL 4620123, at *5 (9th Cir. Aug. 4, 2015).  This Court, in turn, must consider only what the ALJ relied on in making her credibility determination and not rely on the Respondent's citations to additional evidence the ALJ did not discuss because the Court is "constrained to review the reasons the ALJ asserts," and cannot substitute its own conclusions for the ALJ's, or speculate "as to the grounds for the ALJ's conclusions."  *Brown-Hunter v. Colvin*, No. 13-15213, 2015 WL 4620123, at *4 (9th Cir. Aug. 4, 2015) (citations and internal quotation marks omitted).[2]

The Court agrees with Petitioner that the ALJ's reliance on the Petitioner's ability to "pack up her household and move to Boise," does not support the ALJ's credibility finding because the record indicates it took Petitioner two months to pack and she reported to her doctor that she experienced a flare up in symptoms due to packing.  Pet.'s Reply, pp. 3–4 (Dkt. 14) (citing AR 272–75).  Additionally, the ALJ relied on some medical record notations, such as that Petitioner was able to perform activities of daily living with little discomfort, but those were from a time early on in the alleged disability period.  As Petitioner's treating physician noted, she became "progressively more disabled" over time, AR 281, thus, relying on earlier medical records does not give a full picture of Petitioner's limitations.  Additionally, although an ALJ may consider a "lack of medical evidence" as a factor in discounting a claimant's testimony as to her limitations, it cannot "form the sole basis for discounting pain testimony."  *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).  Here, there is medical evidence that supports Petitioner's limitations, including a January 2012 MRI that showed "advanced hypertrophy,

---

[2] For this reason, the Court has not considered any evidence or arguments Respondent raises to support the ALJ's credibility determination that were not cited by the ALJ as reasons to reject Petitioner's testimony.

**AMENDED MEMORANDUM DECISION AND ORDER - 9**

osteophytic ridging, bulging discs, and facet arthropathy with varying degrees of foraminal stenosis," and "mild to moderate right foraminal narrowing." AR 23. *See also* AR 312. The ALJ's analysis, and conclusions, would meet a preponderance of the evidence standard, However, for the reasons described above, in the aggregate the ALJ's rationale to support finding Petitioner's testimony that she spends most of her time lying in bed to relieve her back pain as not credible does not meet the heightened standard of clear and convincing.

The ALJ also relied on Petitioner's failure to follow certain medical recommendations to find her less than fully credible, an appropriate basis for such a conclusion. *See, e.g.*, *Rounds v. Comm'r Soc. Sec. Admin.*, 795 F.3d 1177, 1186 (9th Cir. 2015); *Molina*, 674 F.3d at 1112–14 (affirming ALJ's decision to discount claimant's testimony based on inconsistencies with her daily activities and the medical evidence, and her failure to seek or follow prescribed treatment); *Marsh v. Colvin*, 792 F.3d 1170, 1174, n. 2 (9th Cir. 2015) (upholding a credibility determination where, among other findings, the ALJ considered that the petitioner's treatment was "routine or conservative"). However, to the extent the ALJ discounted Petitioner's concern that surgery may create complications for her, *see* AR 45–46 (Petitioner's testimony), the reason for doing so does not rise to the level of a clear and convincing reason to support her credibility determination. Even though there may not be a citation in the record to support Petitioner's belief that she had a 50% chance of becoming disabled from surgery, that does not mean there is a clear reason to reject her concern about the potential complications of surgery.

**AMENDED MEMORANDUM DECISION AND ORDER - 10**

Although Petitioner did not comply with all of her physicians' recommendations,[3] she cites to evidence in the record that indicates she was following some treatment recommendations, such as exercises and stretches, and that, at the time of the hearing, she had called her doctor to start the process for carpal tunnel treatment. Pet.'s Reply, p. 3 (Dkt. 14) (citing AR 45-47). Nonetheless, there is sufficient evidence to support the ALJ's finding that Petitioner's "lack of interest[] in following her doctor's recommendations suggests her condition might be less severe than she alleges." However, because this is the only rationale left supporting the ALJ's credibility determination, it is undermined to some degree as explained above, and because this case is being remanded for other reasons, the ALJ shall reconsider the credibility determination on remand. In short, on balance, the Court finds the ALJ did not provide sufficiently clear and convincing reasons to support her explanation as to why she did not find Petitioner entirely credible.

2.      The Opinions of Treating Physicians

Petitioner argues that the ALJ improperly rejected Dr. William Kidwell's opinion. Pet.'s Mem., p. 14 (Dkt. 12). The applicable standard for considering Petitioner's argument is tied to the requirement that the ALJ give "specific and legitimate reasons that are supported by

---

[3] For instance, the ALJ noted that Petitioner had been referred for physical therapy to treat her sacroiliac joints, but there was no record of her doing so, and Dr. Bradley Bretz (one of her treating physicians) "wanted to refer her to an orthopedist for her shoulder, but she refused." AR (citing AR 312); *see also* AR333; AR 24 (citing AR 312, 333: Dr. Bretz's statement that Petitioner "would benefit from procedures for her neck and back pain but noted she prefers to wait"). The ALJ also noted that "[a]lthough Dr. Bradley Bretz believed [Petitioner] had carpal tunnel syndrome and recommended a referral to a neurologist for an EMG and nerve conduction study, the claimant refused to follow up with his recommendations." AR 20 (citing AR 333) ("I would also like her to see a neurologist for EMG/NCS, but she refuses.").

**AMENDED MEMORANDUM DECISION AND ORDER - 11**

substantial evidence" for rejecting a treating source's medical opinion, such as that of Dr. Kidwell.  *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

Here, the ALJ noted that Dr. Kidwell, who had treated Petitioner since 2005, reported in August 2012 that Petitioner "was limited basically to light activities of daily living at home", "might require surgery for her neck and back[,] was unlikely to be able to return to work in any meaningful capacity," and, in his opinion, "was disabled and had been for over a year." AR 24. The ALJ, however, gave this opinion "little weight because it is not consistent with the conservative treatment provided and not corroborated [by Dr. Kidwell's] treatment notes, which described waxing and waning pain with a normal gait and normal strength." AR 24.  In particular, the ALJ considered Dr. Kidwell's examinations that showed "normal motor strength" and gait, reports of no, mild, and moderate discomfort, and Petitioner's ability to control her pain with medication.  *See* AR 23-24.

Other treatment notes do, however, corroborate Dr. Kidwell's opinions, such as Petitioner's tenderness and spasms throughout her spine (AR 277) and the MRI results (AR 273).  Additionally, as discussed above, Petitioner was fearful of surgery and had tried injections (AR 306), but those had not helped her situation.  And, the record does not reveal extensive daily activities to support rejecting Dr. Kidwell's opinion.  *See* Resp.'s Br., pp.10-11 (Dkt. 13).

The ALJ appropriately discussed examinations and findings of another treating physician, Dr. Bradley Bretz,[4] particularly that Dr. Bretz had assessed Petitioner with normal strength to her lower extremities, a normal gait, an ability to heel and toe walk, and that she was

---

[4] Dr. Bretz is also a treating physician, although he treated Petitioner for a shorter length of time than did Dr. Kidwell.

**AMENDED MEMORANDUM DECISION AND ORDER - 12**

"continuing to manage well with her medication." AR 24-25; *see also* AR 25 (citing AR 320, referencing that in July 2013, Petitioner reported that she was "continuing to manage well with her medication" and AR 321, explaining that Petitioner was in no acute distress). However, the ALJ's determination that Dr. Kidwell's opinions are not corroborated in the record is not supported by substantial evidence. And, where the ALJ's credibility determination also does not rest on clear and convincing evidence, remand for reconsideration is appropriate.

      3.      <u>Lay Witness Testimony</u>

Petitioner argues that the AJL did not properly consider evidence that her prior work as a jewelry salesperson was an accommodated or subsidized position. Pet.'s Mem., p. 14 (Dkt. 12). The evidence referred to is a June 2013 letter from Jack Atmajian, who employed Petitioner as a jewelry salesperson from 2008 to 2010. AR 26. This letter stated:

> Due to a favorable attitude I held towards [Petitioner] because of her medical condition, she was allowed certain accommodations in her work that would normally not be provided to other employees. [Petitioner] was allowed her own chair to sit at leisure, was not required to lift and/or carry any significant weight; and could take frequent breaks at her discretion for the duration of at least 10 to 30 minutes as she required during the workday.

AR 211. The ALJ explained:

> I have considered this letter but have decided to afford it little weight. Initially, I find the employer's statement is inconsistent with the claimant's earlier submitted work report, which indicated she stood for three hours per day and did not mention any special accommodation. Additionally, I note the letter was written more than two years after the claimant last worked for Mr. Atmajian and that it did not specify the medical condition he accommodated. Further, the claimant testified she worked alone which would mean Mr. Atmajian was not actually familiar with how she performed her job. When she testified about the accommodations she indicated she was allowed to sit or stand at will and use the

**AMENDED MEMORANDUM DECISION AND ORDER - 13**

> restroom as needed. . . . Additionally, the claimant testified, she worked alone at the jewelry booth and was required to keep normal hours, based upon her testimony I find this was not sheltered or accommodated work.

AR 26.

"[I] order to discount competent lay witness testimony, the ALJ must give reasons that are germane to each witness." *Molina*, 674 F.3d at 1114 (citations, internal quotation marks, and emphasis omitted). The ALJ's rationale for discounting the letter because it was written more than two years after Petitioner last worked for Mr. Atmajian is not persuasive because there is no indication Petitioner needed the information provided in the letter until she went through the disability hearing. However, the other reasons the ALJ relied on do provide germane reasons for according little weight to Mr. Atmajian's letter. Those are that (1) the letter was inconsistent with Petitioner's earlier work report, which stated she stood for three hours per day and did not mention any special accommodation; (2) Mr. Atmajian did not specify what medical condition he was accommodating; and (3) Mr. Atmajian reported that Petitioner worked alone and thus, the ALJ considered that to mean that "Mr. Atmajian was not actually familiar with how she performed her job".[5] AR 26. The ALJ also considered that Petitioner testified she worked alone at the jewelry booth and was required to keep normal hours as evidence that this was not an accommodated position.[6] AR 26.

---

[5] Although the Court—if looking at this particular item in the first instance instead of on review—may have considered that Mr. Atmajian could be familiar with Petitioner's work through discussions with her and that Petitioner's statement she worked alone did not necessarily mean that her employer did not check in on her from time to time, and then made an inference different than ALJ's, the ALJ's inference is an appropriate one in this context and cannot be second-guessed.

[6] In Petitioner's work history report, she reported working 40 hours per week as a jewelry sales person and spending 3 hours a day walking, 5 hours a day standing, 1 hour per day

**AMENDED MEMORANDUM DECISION AND ORDER - 14**

Although there is evidence in Petitioner's favor indicating that her jewelry clerk work was accommodated, the ALJ is required only to supply germane reasons for discounting lay witness testimony and has done so here. Additionally, the AJL properly weighed Petitioner's credibility and appropriately considered her statements about the jewelry clerk position, and her employer's letter, in determining that her work was not accommodated employment.

    4.    <u>RFC of Light Work</u>

At step four of the sequential analysis, the claimant has the burden to prove that she cannot perform her prior relevant work "either as actually performed or as generally performed in the national economy." *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). Petitioner argues that the ALJ's finding she was capable of light work is not supported by the record. Pet.'s Br., p. 14 (Dkt. 12). Because the ALJ's credibility findings and treatment of Dr. Kidwell's opinions are remanded for reconsideration, the assessed RFC may change, or it may be the same but be supported by different reasoning. Accordingly, the Court need not consider whether the ALJ properly supported the current RFC determination, but instead directs the ALJ to consider the appropriate RFC after reconsidering the Petitioner's credibility and Dr. Kidwell's opinions and medical records.

## IV. CONCLUSION

The ALJ is the fact-finder and is solely responsible for weighing and drawing inferences from facts and determining credibility. *Allen*, 749 F.2d at 579; *Vincent ex. rel. Vincent*, 739 F.2d at 1394; *Sample*, 694 F.2d at 642. If the evidence is susceptible to more than one rational

---

sitting, and stooping, kneeling, and crouching for 2 hours a day. AR 242. She testified at the hearing that she worked 40 hours a week, "sitting and standing and selling jewelry and then [handling] the receipts on the computer", and that she worked alone. AR 38.

**AMENDED MEMORANDUM DECISION AND ORDER - 15**

interpretation, one of which is the ALJ's, a reviewing court may not substitute its interpretation for that of the ALJ. *Key*, 754 F.2d at 1549.

Here, the ALJ did not properly consider all of the evidence and Respondent's attempt to provide additional information to bolster the ALJ's decision does not save that decision. *See Burrell v. Colvin*, 775 F.3d 1133 (9th Cir. 2014) (the court is "constrained to review the reasons the ALJ asserts").

This is not to say that this Court conclusively finds that Petitioner is disabled. Relatedly, it is not for this Court to resolve the question of whether Petitioner is disabled. Rather, the Court is charged with reviewing the basis of the ALJ's decision, highlighting those areas that may call into question the decisions reached by the ALJ, and, in doing so, should not be misunderstood as substituting its own judgment for that of the ALJ's.

The Court finds the cumulative nature of the ALJ's decision does not afford the Court confidence that the ALJ fairly considered all the evidence in the record, at least how it is reflected in the ALJ's decision. This action is therefore remanded to allow the ALJ to revisit the opinion of Dr. Kidwell. In other words, because the Court has doubts as to whether Petitioner is, in fact, disabled, *see Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014), this case is remanded to the ALJ for further proceedings on an open record. On remand, the ALJ is not required to revisit her treatment of the lay testimony from Jack Atmajian.

/ / / / / / / / / /

**AMENDED MEMORANDUM DECISION AND ORDER - 16**

## V. ORDER

Based on the foregoing, Petitioner's request for review (Dkt. 1) is hereby GRANTED, in part. This matter is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum Decision and Order. *See Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991).

DATED: **October 2, 2015**

Honorable Ronald E. Bush
U. S. Magistrate Judge